Case: 1:19-cv-00681-MWM-SKB Doc #: 25 Filed: 12/16/20 Page: 1 of 3  PAGEID #: 202

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

A.G., a minor, by and through his          :     Case No. 1:19-cv-681
Guardian and next friend, KIMBERLY         :
GIBSON, et al.,                            :     Judge Matthew W. McFarland
                                           :
                                           :
            Plaintiffs,                    :
                                           :
      v.                                   :
                                           :
BOARD OF EDUCATION OF THE                  :
WINTON WOODS CITY SCHOOL                   :
DISTRICT,                                  :
                                           :
            Defendant.                     :

---

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE
UNREDACTED MOTION FOR PARTIAL SUMMARY JUDGMENT (AND
EXHIBITS) UNDER SEAL (DOC. 24)**

---

This case is before the Court on the Motion for Leave to File Unredacted Motion

for Partial Summary Judgment (and Exhibits) under Seal (Doc. 24) filed by Defendant

Board of Education of the Winton Woods City School District ("Winton Woods").

Winton Woods represents that the information to be filed under seal was designated

confidential pursuant to the parties' stipulated protective order.  In addition, one of the

items to be sealed is a settlement agreement that contains a confidentiality provision.

The Court cannot order the seal of any information based solely on the parties'

agreement that it is confidential.  *See Jackson v. Gen. Elec. Aviation*, No. 1:19-CV-629, 2020

WL 5290535, at *1–2 (S.D. Ohio Sept. 4, 2020).  There is a strong presumption in favor of

the allowing public access to court records.  *Brown & Williamson Tobacco Corp. v. F.T.C.*,

710 F.2d 1165, 1179 (6th Cir. 1983).  A party seeking to seal records therefore must

"provide compelling reasons justifying the seal exists even if the parties agree that the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019)( "[O]nly the most compelling reasons can justify non-disclosure of judicial records."). The sealing request also must be narrowly tailored to protect only the confidential information meeting this standard.

When considering such a motion, the Court has an independent obligation to determine if the seal is justified. *Proctor [sic] & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017). Accordingly, "a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). "And a court's failure to set forth those reasons — as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary — is itself grounds to vacate an order to seal." *Id.* (citing *Brown*, 710 F.2d at 1176 and *United States v. Kravetz*, 706 F.3d 47, 60 (1st Cir. 2013) ("Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so"); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (reversing because "[w]e find no evidence in the record that the district court balanced the competing interests prior to sealing the final order")).

2

At this time, the parties have not provided enough information for the Court to evaluate its sealing request pursuant to this rigorous standard.  For that reason, the Motion is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND