IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| A.G., a minor, by and through his Guardian and next friend, KIMBERLY GIBSON, et al., | : : : | Case No. 1:19-cv-681 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| BOARD OF EDUCATION OF THE WINTON WOODS CITY SCHOOL DISTRICT, | : : : : | |
| Defendant. | : : | |

### ORDER AND OPINION

This matter is before the Court on Defendant Board of Education of the Winton Woods City School District's Amended Motion for Summary Judgment (Doc. 26). Plaintiffs filed a response (Doc. 31), to which Defendant replied (Doc. 35). Additionally, Plaintiffs filed a Motion for Leave to File a Sur-Reply to Defendant's Motion (Doc. 44), to which Defendant responded in opposition (Doc. 45). Defendant has also filed its Second Motion for Partial Summary Judgment (Doc. 42).[1] Lastly, of relevant note, each party filed supplemental briefing at the Court's request (*See* Docs. 47, 48 & 49.) Thus, the matter is ripe for the Court's review.

---

[1] Defendant filed its Second Motion for Summary Judgment on June 1, 2021, addressing the merits of each of Plaintiff's claims before the Court. (Doc. 42). However, due to the adjudication of Defendant's Amended Motion for Summary Judgment herein, Defendant's Second Motion for Summary Judgment is **DENIED as moot**.

1

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Sur-Reply is **GRANTED** and Defendant's Amended Motion for Summary Judgment is **GRANTED**.

## FACTS

This case stems from Defendant Board of Education of the Winton Woods City School District's ("Winton Woods") alleged mistreatment of Plaintiff A.G., a minor, by Winton Woods while he was a student due to his disabilities. Plaintiff Kimberly Gibson, A.G.'s mother and guardian, brings this case on behalf of herself and her son seeking monetary damages for Winton Wood's alleged misconduct, asserting multiple constitutional and statutory civil rights violations, as well as a loss of consortium claim. (*See* Am. Compl., Doc. 12.)

The Court notes that the factual circumstances surrounding Plaintiffs' allegations need not be addressed herein due to the nature of Winton Woods' Amended Motion for Summary Judgment. The procedural history of this case is most relevant here.

Kimberly Gibson, on behalf of her son A.G., filed a Due Process Complaint and Request for Public Hearing against Winton Woods with the Ohio Department of Education on September 13, 2018. (Due Process Complaint, Doc. 26-1, Pg. ID 228.) Gibson alleged in the Due Process Complaint that her son suffers from "autism, ADHD and related executive function deficits, language impairments, anxiety, and other significant challenges . . ." (Due Process Complaint, Doc. 26-1, 230.) She further alleged that Winton Woods "knowingly and intentionally long denied [A.G.] a free and appropriate public education (FAPE), has discriminated against him based on his disabilities, and otherwise deprived [A.G.] of rights existing under Ohio common law and the United States and

2

Ohio Constitutions." (*Id.* at 230-31.) Gibson sought multiple remedies for Winton Woods's alleged misconduct, including, but not limited to, compensatory education and services, reimbursement for the family's out-of-pocket costs, and monetary compensatory damages. (*Id.* at 233-34.)

On March 21, 2019, Winton Woods and Gibson, on behalf of A.G., "entered into a Settlement Agreement resulting in the withdrawal, with prejudice, of the Due Process Complaint." (Declaration of Courtney Wilson, Doc. 26-1, Pg. ID 228.) The Settlement Agreement provided for multiple remedies, including, but not limited to: (1) Winton Woods would pay tuition for A.G.'s out of district placement, (2) Winton Woods would "maintain a fund of $50,000 for reimbursement to [Plaintiff Kimberly Gibson] for private tutoring for [A.G.] in reading, writing, math, and behavior and/or graduation requirements from licensed tutoring/service providers," and (3) Winton Woods would "maintain a fund of $25,000 for expenses for therapy by approved providers." (Settlement Agreement, Doc. 26-1, Pg. ID 235-38.) The Settlement Agreement did not provide for compensatory damages. (*See id.*)

The Settlement Agreement included a Limited Release, which provided:

Student and Parent release and discharge Winton Woods City School District, its Board members, administrators, employees, attorneys, and assigns (collectively the School District), from any and all claims and/or causes of action, known or unknown, arising under the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. § 1400, *et seq.*, and Ohio Revised Code Chapter 3323, which they may have or could claim to have against the School District, up to and including the date of the signing of this Release. The parties agree that monetary damages are not available under IDEIA and implementing state law. Specifically exempted from this release are any claims Student and/or Parent may have or claim to have for damages under the Rehabilitation Act of 1973 (Section 504), 29

3

U.S.C. 794, the American with Disabilities Act (ADA), 42 U.S.C. 12101, *et seq.*, or any other law.

(*Id.* at 237.)

Plaintiffs then filed this action on August 19, 2019, seeking compensatory monetary damages for various alleged constitutional, statutory, and common law violations by Winton Woods. (*See* Complaint, Doc. 1.) Plaintiff later filed the Amended Complaint on February 20, 2020. (*See* Am. Compl., Doc. 12.) Plaintiffs brought the following claims: Count I – Violation of Section 504 of the Rehabilitation Act and Americans With Disabilities Act; Count II - Violation of the Fourteenth Amendment Equal Protection Clause; Count III - Violation of the Fourteenth Amendment Procedural Due Process Clause; Count IV - Violation of the Fourth Amendment by Unreasonable Seizure, Unlawful Arrest, and Use of Excessive Force; and Count V - Loss of Consortium. (*Id.* at 64-67.) Then, on December 18, 2020, Winton Woods filed its Amended Motion for Summary Judgment (Doc. 26), arguing that Winton Woods is entitled to summary judgment on as a matter of law.

## LAW

Courts must grant summary judgment if the record "reveals that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Laster v. City of Kalamazoo,* 746 F.3d 714, 726 (6th Cir. 2014) (citing Fed. R. Civ. P. 56(c)). Once the movant has met its initial burden of showing that no genuine issue of material fact remains, the nonmoving party must present "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4

To do so, the nonmovant must present "significant probative evidence . . . on which a reasonable jury could return a verdict" in their favor. *Chappell v. City of Cleveland*, 585 F.3d 901, 913 (6th Cir. 2009).

The court "must view the facts and any inferences that can be drawn from those facts . . . in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007). This requirement, however, does not mean that the court must find a factual dispute where record evidence contradicts wholly unsupported allegations. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (*citing Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). "If a moving party fulfills its burden of demonstrating that no genuine issue of material fact exists, the nonmoving party, to receive a trial, must present some significant probative evidence creating a factual dispute." *Stratienko v. Cordis Corp.*, 429 F.3d 592, 597 (6th Cir. 2005).

## ANALYSIS

### I. Plaintiffs' Motion for Leave to File a Sur-Reply

As an initial matter, the Court must determine whether it can consider Plaintiffs' proposed Sur-Reply. Although this Court's local rules generally do not permit parties to file sur-reply briefs, a party may request leave of the Court to do so upon a showing of good cause. S.D. Ohio Civ. R. 7.2(a)(2). Plaintiffs' Sur-Reply was filed to address the Sixth Circuit's ruling in *Perez v. Sturgis Public Schools*, 3 F.4th 236 (6th Cir. 2021). The *Perez* opinion was published months after briefing on Winton Woods's Amended Motion for Summary Judgment had concluded. Additionally, the *Perez* holding has a direct impact

5

on this case, as it addresses the Individuals with Disabilities Education Act ("IDEA") and its exhaustion requirement. Thus, good cause exists to consider Plaintiffs' proposed Sur-Reply. Therefore, the Court grants Plaintiffs' Motion for Leave (Doc. 44) and considers the arguments in Plaintiffs' Sur-Reply in reaching its conclusions below.

## II. The Individuals with Disabilities Education Act

Winton Woods's Amended Motion for Summary Judgment is premised on the argument that Plaintiffs failed to exhaust the administrative proceedings required by the IDEA. Therefore, the Court must first address, generally, the IDEA.

The IDEA offers federal funds to states in exchange for a free appropriate public education for children with certain disabilities. *See* 20 U.S.C. § 1400; *see also Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 748 (2017). The IDEA was implemented by Congress "to ensure that all children with disabilities have available to them a free appropriate public education ("FAPE") . . . ." 20 U.S.C. § 1400(d)(1)(A)-(B). FAPE is defined as "special education and related services that . . . have been provided at public expense, under public supervision and direction, and without charge . . . ." 20 U.S.C. § 1401(9)(a). Additionally, special education is defined as "designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability, including . . . instruction conducted in the classroom, in the home, in hospitals and institutions, and in other settings; and instruction in physical education." 20 U.S.C. § 1401(29)(A)-(B).

The IDEA establishes formal procedures for resolving disputes under the statute. First, a parent may file a due process complaint with local or state agencies regarding a school's failure to provide FAPE. 20 U.S.C. § 1415(b)(6). This generally triggers a

6

"[p]reliminary meeting," or, instead, a mediation process between the parties, 20 U.S.C. § 1415(e), (f)(1)(B)(i). If the dispute continues, "the parent and the local education agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State education agency or by the local education agency . . . ." 20 U.S.C. § 1415(f)(1)(A). After the impartial due process hearing, "[i]f the hearing . . . is conducted by a local educational agency, any party aggrieved by the findings and decision rendered . . . may appeal such findings and decision to the State education agency," and such agency "shall conduct an impartial review of the findings and decision appealed . . . ." 20 U.S.C. § 1415(g)(1)-(2).

> The IDEA contains an exhaustion requirement, which states:
>
> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would the required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).

Simply, "a plaintiff bringing suit under the American with Disabilities Act ("ADA"), the Rehabilitation Act, or similar laws must in certain circumstances . . . first exhaust the IDEA's administrative procedures." *Napoleon Cmty. Schs.*, 137 S. Ct. at 750. The Supreme Court has held that the exhaustion requirement is only necessary when "a suit . . . seek[s] relief for the denial of FAPE, because that is the only relief the IDEA makes available." *Id.* at 752 (internal quotations omitted).

7

This brings us to the arguments presented. First, the parties agree that Plaintiffs' claims are based on Winton Woods's alleged denial of FAPE. However, Winton Woods argues that it is entitled to summary judgment on Plaintiffs' Amended Complaint in its entirety, because (1) the Settlement Agreement does not exhaust the required administrative proceedings under IDEA and (2) no exceptions to the exhaustion requirement exist in this case. On the other hand, Plaintiffs argue that (1) Plaintiffs' non-IDEA claims fall outside the scope of the IDEA's exhaustion requirement because such claims seek compensatory damages not provided for within the IDEA, (2) the Settlement Agreement exhausts the IDEA administrative proceeding requirements, and (3) exceptions apply that allowed Plaintiffs to not exhaust the IDEA administrative proceedings. Each argument is addressed in turn below.

### a. Plaintiffs' Claims Do Not Fall Outside the Scope of the IDEA's Exhaustion Requirement Solely Because Plaintiff Seeks Compensatory Monetary Damages.

Plaintiffs argue that, because compensatory monetary damages are unavailable under the IDEA, Plaintiffs' non-IDEA claims, which allow for such damages, fall outside the scope of the IDEA's exhaustion requirement. However, the Sixth Circuit recently ruled in *Perez v. Sturgis Public Schools*, that "[a] lawsuit that seeks relief for the denial of an appropriate education is subject to [the IDEA's exhaustion provision], even if it requests a remedy the IDEA does not allow." 3 F.4th 236, 241 (6th Cir. 2021). The Sixth Circuit reasoned that "[t]he focus . . . is not [on] the kind of relief the plaintiff wants, but the kind of harm he wants relief from." *Id.* Thus, the Sixth Circuit determined that "the plaintiff's choice of remedy is irrelevant" to whether the plaintiff is required to abide by

8

the exhaustion provisions of the IDEA. *Id.* at 242.

Here, Plaintiffs concede that their claims are based on the denial FAPE, which is the exact harm the IDEA seeks to prevent. The fact that Plaintiffs now seek compensatory monetary damages is irrelevant. Plaintiffs' claims do not fall outside the scope of the IDEA's exhaustion requirement.

### b. The Parties' Mediation and Settlement Does Not Exhaust the Administrative Proceedings Required by the IDEA.

Next, Winton Woods argues that Plaintiffs failed to satisfy the exhaustion requirements. Plaintiffs, in contrast, argue that by engaging in the mediation process provided under the IDEA and settling their IDEA claim with Winton Woods during the course of such mediation, Plaintiffs satisfied the IDEA exhaustion requirement.

As previously stated, a plaintiff must exhaust the IDEA's "impartial due process hearing" requirement and the appeal requirement "before the filing of a civil action under [the Constitution, the American with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities] . . . ." 20 U.S.C. § 1415(f), (g), and (l). The plain language of the statute, therefore, establishes that mediation does not satisfy the IDEA's exhaustion requirement. Only a due process hearing and, if applicable, appeal satisfies such requirement. Thus, Plaintiffs' mediation with Winton Woods does not satisfy the IDEA's exhaustion requirement outlined in 20 U.S.C. § 1415(l).

The Sixth Circuit recently determined that a plaintiff does not satisfy the IDEA administrative proceedings by settling his IDEA claim rather than continuing to litigate

9

such claim in the administrative forum. *Perez*, 3 F.4th at 242. In *Perez*, the Sixth Circuit faced a very similar situation as this Court faces today. Perez filed a complaint with the Michigan Department of Education alleging that Sturgis Public Schools "denied him an adequate education and violated federal and state disabilities laws: the [IDEA], the [ADA], the Rehabilitation Act, and two Michigan disabilities laws." *Id*. at 239. The parties then settled Perez's IDEA claim prior to an administrative hearing. *Id*. After the settlement, Perez brought an ADA claim and one claim under Michigan law in federal court. *Id*. The court dismissed Perez's ADA claim for failure to exhaust. *Id*. On appeal, the Sixth Circuit determined that "Perez can sue under the ADA only if he could also bring an IDEA action in court[,]" relying on now-Justice Gorsuch's opinion in *A.F. ex rel Christine B. v. Espanola Public Schools*, 801 F.3d 1245 (10th Cir. 2015). *Id*. at 242. The Sixth Circuit continued, stating that "[i]f Perez has not taken the steps necessary to bring an IDEA claim in court, his ADA claim must fail." *Id*. The court justifying its holding, stated:

> An IDEA plaintiff cannot come to court until *a state* determines that the student has not been denied a free appropriate public education. Then, and only then, is a plaintiff "aggrieved by the findings and decision rendered" and eligible to sue. 20 U.S.C. § 1415(g)(1), (i)(2)(A). But if an administrative officer has conducted no hearings, made no findings, and issued no decisions, there is nothing to be aggrieved by.

*Id*. (emphasis added).

This case is no different than *Perez*. Plaintiffs entered into the Settlement Agreement with Winton Woods prior to the Ohio Department of Education making a determination of "whether [A.G.] received an appropriate education under the IDEA." *Perez*, 3 F.4th at 242. Such determination was necessary for Plaintiffs to bring the FAPE

10

claims in question today. Like in *Perez*, Gibson's decision to mediate and settle with Winton Woods, on behalf of her son, prior to a due process hearing "involved tradeoffs[.]" *Id*. Winton Woods would pay tuition for A.G.'s out of district placement, would maintain a fund of $50,000 for reimbursement for private tutoring, and would maintain a fund of $25,000 for therapy services by an approved provider. (Settlement Agreement, Doc. 26-1, Pg. ID 235-238.) However, in return, Plaintiffs had to dismiss the Due Process Complaint, meaning that they "could never file the IDEA claim or any other corresponding statutory claim in court." *Perez*, 3 F.4th at 242. Thus, Plaintiffs did not exhaust the IDEA's administrative procedures as required in order to bring this action.

Plaintiffs argue that this case is inapposite from *Perez* in their Sur-Reply due to the Limited Release contained within the Settlement Agreement. The Limited Release provided that "[s]pecifically exempted from this release are any claims Student and/or Parent may have or claim to have for damages under the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. 794, the American with Disabilities Act (ADA), 42 U.S.C. 12101, *et seq*., or any other law." (Settlement Agreement, Doc. 26-1, Pg. ID 237.) Plaintiffs argue that the settlement in *Perez* did not contain a limited release and, because of this alleged missing piece in *Perez*, the Court should find in favor of Plaintiffs here.

The Court is understanding of Plaintiffs' position, but current Sixth Circuit law is clear. "An IDEA plaintiff cannot come to court until a state determines that the student has not been denied a free appropriate public education." *Perez*, 3 F.4th at 242. The Sixth Circuit did not carve out an exception to this overarching principle. And Plaintiffs did not satisfy their burden of persuading this Court that it should not retroactively apply

11

the Sixth Circuit's interpretation of the IDEA to the Settlement Agreement in this case in accordance with *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 (1971). *See Cochran v. Birkel*, 651, 651 F.2d 1219, 1223 n.8 (6th Cir. 1981). Again, the Ohio Department of Education did not have the opportunity to determine if A.G. had been denied FAPE due to Winton Woods's alleged conduct. Therefore, we must find that Plaintiffs failed to exhaust the necessary administrative remedies, and Winton Woods is entitled to summary judgment as a matter of law.

### c. No Exceptions to the IDEA's Exhaustion Requirement Exist in this Case.

Lastly, Plaintiffs argue that the exhaustion requirement should be waived because certain exceptions apply in this case that would allow Plaintiffs to escape such requirement. Within Plaintiffs' catch-all exceptions argument, Plaintiffs argue (1) the exhaustion requirement should be waived because exhaustion would be futile, and (2) Winton Woods is estopped from arguing that exhaustion of administrative proceedings was necessary.

#### i. Futility

Throughout Plaintiffs' Response in Opposition, Plaintiffs vaguely argue that requiring Plaintiffs to exhaust the IDEA administrative proceedings would be futile in this case. However, Sixth Circuit law does not apply a futility exception to the IDEA exhaustion requirement. *Perez*, 3 F.4th at 242. In *Perez*, the Sixth Circuit held that "[the IDEA's exhaustion requirement] does not come with a 'futility' exception, and the Supreme Court has instructed us not to create exceptions to statutory exhaustion requirements." *Id*. Thus, Plaintiffs' futility argument must fail as a matter of law.

12

### ii. *Judicial Estoppel*

Plaintiffs make a final attempt to persuade the Court by arguing that Winton Woods should be estopped from holding Plaintiffs to the IDEA's exhaustion requirement.[2] But, "[j]udicial estoppel applies only when a party tries to take a position that is clearly inconsistent with an earlier one." *Perez*, 3 F.4th at 244. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)) (quotations omitted). In that case, Perez argued that, because Sturgis Public Schools successfully moved to dismiss Perez's ADA claim for lack of jurisdiction, exhaustion of his ADA claim was impossible. *Id*. As the Sixth Circuit explained, exhaustion of the ADA claim is not relevant. *Id*. "[E]xhaustion of the *IDEA claim* was possible, and that is what section 1415(l) requires." *Id*. Thus, the Sixth Circuit found that "[t]here was no inconsistency in the defendant's position: Their motion to dismiss did not hinder Perez from bringing the ADA claim in court after exhausting the IDEA's procedures. There is thus no basis to apply judicial estoppel." *Id*.

This Court comes to the same conclusion as the Sixth Circuit did in *Perez*. Plaintiffs filed a Due Process Complaint on September 13, 2018. Plaintiffs' Due Process Complaint contained an IDEA claim, an ADA claim, and a Section 504 Rehabilitation Act claim. The parties then settled this case on March 21, 2019 prior to a due process hearing, factual findings, or an appellate procedure by the Ohio Department of Education. Thus, like in *Perez*, Plaintiffs failed to exhaust the IDEA requirements prior to bringing the current

---

[2] Plaintiffs also claim that Winton Woods waived the exhaustion argument because Winton Woods did not make such argument until its Amended Motion, sixteen months after Plaintiffs commenced this action. However, Defendants pled as an affirmative defense that Plaintiffs are barred from recovery on the claims because of their failure to exhaust. (Defendant's Answer to Plaintiffs' Complaint, Doc. 3, Pg. ID 22.) Thus, Winton Woods did not waive this argument.

13

action. Here, there is no inconsistency in Winton Woods's position, because Plaintiff was not hindered from bringing the claims against Winton Woods in court after exhausting the IDEA procedures. Thus, judicial estoppel does not apply.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1) Plaintiff's Motion for Leave to File a Sur-Reply is **GRANTED** (Doc. 44);

(2) Defendants' Amended Motion for Summary Judgment is **GRANTED** (Doc. 26);

(3) The Court **TERMINATES AS MOOT** Defendant's Second Motion for Summary Judgment (Doc. 42); and

(4) This action is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND